IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLYDE JONES, | : | |
|     Petitioner | : | |
| | : | No. 1:23-cv-01929 |
|     v. | : | |
| | : | (Judge Kane) |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241 through which Petitioner Clyde Jones ("Jones") challenges his 2005 conviction for possession with intent to distribute cocaine in the United States District Court for the Eastern District of Tennessee. The Court will dismiss the petition without prejudice for lack of jurisdiction.

**I.    BACKGROUND**

Jones was convicted of possession with intent to distribute fifty grams or more of cocaine on June 23, 2005 and was sentenced on February 2, 2006 to life in prison. See United States v. Jones, No. 1:05-cr-00069 (E.D. Tenn. Feb. 2, 2006), ECF No. 28. He appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed the judgment of sentence on June 14, 2007. See United States v. Jones, 238 F. App'x 41, 44 (6th Cir. 2007). Jones did not file a petition for writ of certiorari to the United States Supreme Court.

Jones moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on March 21, 2008. See Jones, No. 1:05-cr-00069, ECF No. 39. The Eastern District of Tennessee denied the motion on April 25, 2011. See Jones v. United States, Nos. 1:05-cr-00069, 1:08-cv-00070, 2011 WL 1557928, at *10 (E.D. Tenn. Apr. 25, 2011). Jones appealed on January 31, 2012. See Jones, No. 1:05-cr-00069, ECF No. 57. The Sixth Circuit denied a certificate of appealability and dismissed the appeal on September 19, 2012. See Jones v. United States, No.

12-5102 (6th Cir. Sept. 19, 2012), ECF No. 30.  On April 14, 2020, the Eastern District of Tennessee reduced Jones's sentence to 262 months in prison pursuant to the First Step Act of 2018.  See Jones, No. 1:05-cr-00069, ECF No. 70.

Jones filed the instant petition on November 14, 2023, and the Court received and docketed the petition on November 21, 2023.  (Doc. No. 1.)  Although the petition contains no supporting facts, Jones appears to seek habeas corpus relief based on alleged ineffective assistance of counsel and insufficiency of evidence.  (Id. 1–2.)  Jones additionally argues that he is the victim of "barratry, maintenance, and champerty," and that "a summary of judgment was never answered in the time frame established."  (Id. at 2.)

On December 18, 2023, the Court issued an Order in which it noted that it could not meaningfully review the petition because it did not state which court convicted and sentenced Petitioner or any information about the underlying conviction such as what charges led to the conviction, the dates of the conviction and sentence, or whether Jones had previously challenged his conviction and sentence through a motion pursuant to 28 U.S.C. § 2255.  (Doc. No. 5 at 1.)  The Court accordingly ordered Jones to file an amended petition on or before January 18, 2024 that provided this information and stated that if an amended petition were not filed the case would be dismissed without prejudice.  (Id. at 1–2.)  Jones filed a supplement that includes the relevant information on January 9, 2024, and the court received and docketed the supplement on January 19, 2024.  (Doc. No. 6.)  Having now reviewed the petition and the information included in the supplement, the Court will dismiss the petition for lack of subject matter jurisdiction.

**II.     LEGAL STANDARD**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the

2

petition that the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. See 28 U.S.C. § 2254 Rule 1.

### III.   DISCUSSION

The Court will exercise its discretion to dismiss this case under Rule 4 because the Court does not have jurisdiction to consider Jones's petition. Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Federal prisoners may only challenge their conviction through a Section 2241 habeas corpus petition if a Section 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); Jones v. Hendrix, 599 U.S. 465, 471 (2023).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." See id. at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

Until 2023, courts in this circuit recognized an additional exception based on In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997) that allowed a prisoner who had previously filed a Section 2255 motion on other grounds to proceed under Section 2241 when the petitioner "had

no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." See id. at 251.  The Supreme Court, however, abrogated Dorsainvil in Jones v. Hendrix.  599 U.S. at 477–78; see also Voneida v. Johnson, 88 F.4th 233, 235 (2023) (acknowledging that Jones abrogated Dorsainvil).  Under Jones, Section 2255(e) "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id. at 471.

In this case, Jones seeks habeas corpus relief pursuant to Section 2241 based on claims of ineffective assistance of counsel and insufficiency of evidence.  Ineffective assistance of counsel and sufficiency of evidence claims are properly asserted in Section 2255 motions in the sentencing court rather than through Section 2241 habeas corpus petitions.  See, e.g., Smart v. Kirby, 436 F. App'x 64, 66 (3d Cir. 2011) (unpublished) (noting that ineffective assistance of counsel claim must be brought through Section 2255 motion); Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (same); Day v. Samuels, 263 F. App'x 246, 248 (3d Cir. 2008) (unpublished) (concluding that sufficiency of evidence claim should have been asserted in Section 2255 motion rather than Section 2241 habeas corpus petition).

Jones's conclusory assertions of "barratry, maintenance, and champerty" similarly must be brought in a Section 2255 motion.  Although it is unclear what Jones intends to argue by asserting "barratry, maintenance, and champerty," the Court liberally construes the argument as an assertion that Jones was prosecuted for an improper purpose.  See Champerty, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining champerty as "[a]n agreement between an officious intermeddler in a lawsuit and a litigant by which the intermeddler helps pursue the litigant's claim as consideration for receiving part of any judgment proceeds"); Barratry, BLACK'S LAW

DICTIONARY (11th ed. 2019) (defining barratry as "[v]exatious incitement to litigation, esp. by soliciting potential legal clients."); Maintenance, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining maintenance as "[i]mproper assistance in prosecuting or defending a lawsuit given to a litigant by someone who has no bona fide interest in the case; meddling in someone else's litigation."). This attack on the legality of the prosecution and resulting conviction and sentence is clearly one that should have been asserted in a Section 2255 motion in the sentencing court.

Finally, Jones's assertion that a "summary of judgment was never answered in the time frame established" appears to seek habeas corpus relief based on a procedural error during Jones's criminal trial. Such a claim would clearly need to be asserted in a Section 2255 motion.[1]

Jones has not shown that Section 2255 is inadequate or ineffective to present his claims. He argues that he should be allowed to proceed under Section 2241 because he is "not arguing the legality of his detention" but rather "the method in which [the] BOP is calculating [his] sentence." (Doc. No. 6 at 1.) This argument is without merit. The substance of Jones's arguments clearly shows that he is challenging the legality of his conviction and sentence rather the execution of the sentence. Accordingly, because Jones's claims are not cognizable in a Section 2241 habeas corpus petition, the Court will dismiss his petition for lack of subject matter jurisdiction.

---

[1] To the extent the claim is alternatively based on a procedural error that occurred in one of Jones's collateral challenges to his conviction or sentence, the claim would not be a cognizable habeas corpus claim. See Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) (stating that "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation" (emphasis in original)).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the petition (Doc. No. 1) for writ of habeas corpus without prejudice for lack of jurisdiction. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
